(122 App. Div. 521.)

## SCHALK v. COMMERCIAL TWINE CO.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—PLACE FOR WORK—EVIDENCE.

In in action for injuries to plaintiff's scalp, caused by her hair having been caught in certain machinery at which she was employed to work by defendant, evidence examined and *held* not to sustain a verdict for plaintiff based on alleged negligence of defendant in permitting the floor about the machinery to be in an oily condition, which caused plaintiff to slip, thereby bringing about the accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954–977.]

Appeal from Trial Term.

Action by Minnie Schalk, an infant, by Jacob Schalk, her guardian ad litem, against the Commercial Twine Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Frederick Hulse, for appellant.
Clarence M. Lewis, for respondent.

PATTERSON, P. J. This judgment must be reversed, for the reason that the verdict of the jury in favor of the plaintiff was against the weight of evidence. The plaintiff was employed to work at a machine in the factory of the defendant, and on the date charged in the complaint, while so at work, her hair was caught in the machinery, and she sustained injuries to the scalp of a more or less serious nature.

The theory of her case is that, while walking near the machinery, she slipped upon the floor at a point near the machinery, and that the slipping was caused by the presence of oil on the floor, which the defendant had negligently permitted to accumulate and remain there. The issue of fact was as to the condition of the floor and as to oil being upon it. To maintain that issue, the plaintiff testified in her own behalf.

There were no spectators of the accident, but the plaintiff testified that the floor near the machine was saturated with oil; that it had previously been kept clean until two weeks before she was hurt, and that for two weeks prior to the accident nothing at all was done to the floor. The machinery was in motion as she was passing by it. On the other hand, and in denial of this alleged condition of the floor, there were many witnesses produced by the defendant who testified that on the day and at the time the accident happened to the plaintiff there was no oil on the floor. One of the witnesses, Perry, was working on the floor where the accident happened at the time it occurred, and he testified that he heard the plaintiff scream; that he was 30 feet away from her; that he took her hair out of the machine in which it had become entangled, and that he observed the condition of the floor at the time of the accident, and that it was not oily. The witness Daly testified that he was present on the floor on that day, that he was oiling machinery; that his attention was attracted to the accident; that he had oiled the plaintiff's machine himself a half hour before, and that at that time he observed the condition of the floor, and that it was not oily or slippery. Another witness, Kate Cooper, testified that she was at work; that the day before the accident she worked on the machine next to that on which the plaintiff worked, and that there was no oil on the floor. Annie Buttner testified that, although not working there, she was about 30 feet away from the plaintiff when the accident happened; that she had been at the plaintiff's machine about half an hour before the accident, and that she observed the condition of the floor, and that there was no oil on it. Another working girl, Lizzie Riordan, testified that she was working at the factory when the accident happened to the plaintiff; that she went around the plaintiff's machine during the dinner hour; that she never saw any oil drip on the floor, and that the floor was not slippery. All these witnesses testified that they never hear of any one slipping on the floor. Another witness, Agnes Donahue, testified that she was employed by the defendant at the time the accident occurred; that she went to the plaintiff's machine during the dinner hour, but did not see any oil on the floor. She testified:

"I tell you with so much certainty that the floor was clean at that time, because I was taking things away from the floor and put them in baskets and sent them downstairs. The floor was clean when I was looking at it. The floor was clean. There was no dirt on it. There were no oil stains around the floor. There was not oil on the floor at all. The floor did not give evidence at that time of oil that at any time had been saturated upon the floor. The boards were dry—absolutely dry."

Mamie Tumulty testified that she asked the plaintiff how the accident occurred, and that the response was that the plaintiff was stoop-

ing down oiling the spindle, and her hair was caught in the flyers. This witness swore that the floor was not oily, as did also another witness, Martha Barnes, who testified that before the accident she saw the plaintiff picking waste from the machinery, that there was no oil on the floor, and that it was not slippery.

None of these witnesses is impeached in any way; and, inasmuch as the imputed negligence of the defendant is the maintenance of a slippery floor, and that is assigned as the cause of the accident, and the great preponderance of unimpeached testimony is that the alleged cause of the accident did not exist, it necessarily follows that the judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.